Gaston, J.
 

 Thomas Mull, on the first of January, 1835,
 
 *239
 
 executed a last will and testament, which, after his death, was admitted to probate, and, the executor therein named having renounced the office of Executor, administration on the estate of the deceased
 
 cum testamento annexe
 
 was granted to William D. Crawford, the husband of Christina Crawford, the daughter of the testator. By his will, the testator devised and bequeathed as follows: “ I give, devise and bequeath all my estate to my daughter ChristinaCrawford and my son Thomas Mull, Jun., to have and possess said real and personal estate during their natural lives; and after their death, the said property, real and personal, to descend and to be transmitted to their children. Should my son Thomas die without leaving issue of his body, my .will is, that the property devised and bequeathed to him, after his death, shall be limited and vested in the children of my daughter Christina Crawford. My will and desire is, that the negr'oes I have” (given) “to my daughter Christina and son Thomas shall be hired out in the county of Rowan and not without the county, and'the profits of their hiring shall be equally divided between them during their natural lives; and my further will is, that neither my dwelling-house or tract of land be rented out, on which I live, but any other tracts of land may be rented out as they seem fit.” William D. Crawford and Thomas Mull, Jun., made a división of the slaves of the- testator, comprehended in the general devise and bequest therein set forth, and, afterwards, Crawford, for the purpose of indemnifying some of the defendants from injury by reason of their liability for him as-his sureties, executed a deed of trust to the defendant Shaver, whereby he conveyed all his interest, whatever it- might be, in the ne-groes bequeathed to his wife. A bill was-filed, in the name of Christina Crawford and her infant children, suing' by their next friend, against the trustee and the
 
 cestvy que trusts
 
 in this deed of Crawford, to enjoin a sale of these ne-groes, upon the ground, that in Equity the same belong to the plaintiff Christina during her life, exclusively of her said husband, with remainder or a residuary interest therein after her death to her children, the other plaintiffs. The injunction was granted as prayed for, but, upon the coming in
 
 *240
 
 of the answers of the defendants, it was ordered that the in-be dissolved so far as to permit the trustee to sell , ‘ . , the estate, which vv m. D. Crawford had in the negroes, for and during the life of his wife, upon bond with sufficient surety being taken for the forthcoming of the same and the increase thereof at her death. From this interlocutory decree the plaintiffs prayed and obtained an appeal to this court.
 

 Tlie appellants object to the' decree, for that, by his will, the testator has declared his purpose, that the plaintiff Christina should have a beneficial interest for her life in the slaves in question, independent of the control, and exempt irom the disposition of her husband, with remainder in the slaves to her children. But we can find rid ground upon which this construction can be maintained. Marriage is, at law, an absolute gift to the husband, of all the goods, of which the wife was possessed in her own right at the time of the mar-rinse, and of such others as come to her during the marriage. In Equity the wife may take and hold personal as well as real estate, separate from, and independent of, her husband; but as Equity follows the Law, it must appear, either from the nature of the transaction or the terms of the conveyance, that the property is given to her separate use, before his marital rights thereto can be excluded. There is nothing in the nature of the transaction — as in a case of a marriage settlement, where the husband is a
 
 party, or
 
 as in a case of a conveyance by a husband
 
 to the
 
 use of his wife — . which manifests a necessary intent, that she should take a separate property. And whatever expressions may be found in the will, tending to raise an inference of such an intent, they fall far short of those, which have been judicially determined to be insufficient for that purpose. See
 
 Rudisell
 
 v Watson, 2 Dev. Eq. Rep. 430.
 
 Gilliam v Welch,
 
 4 Dev. 286. The court will not force a construction, to raise a trust for the separate use of the wife, nor gather the intention, that a separate estate is limited for her, from terms that are ambiguous or equivocal.
 

 It must be certified to the court below that there is no error in the interlocutory decree appealed from.
 

 Per Curiam, Ordered accordingly.